L. L. NORTHRUP v. MARY E. HOTTENSTEIN, *et al.*

1. DEPOSITION, *Taken in Term-Time.* A deposition may legally be taken during a term of the court in a case set for trial at such term, although the court may be continuously in session during the term.

2. FRAUD — *Facts Forming Sufficient Defense.* Where K. fraudulently obtains from H. and puts on record a deed of conveyance for land, and then without consideration conveys a portion thereof to W., and afterward through a mistake mortgages to N. that portion of the land previously conveyed to W., the parties at the time intending that the mortgage should cover another piece of land and not the one in fact mortgaged; and the deed to W. is filed for record before the mortgage to N.; and afterward H., in an action against K. and W. and others but not against N., procures a judgment and decree setting aside the deeds to K. and W. and declaring H. to be the owner of the land; and afterward N. commences an action to foreclose his mortgage, not upon the land intended to be mortgaged but upon the land actually described in his mortgage, making K. and H. and others parties to the action: *Held,* Under the foregoing facts, that H. may successfully defend against such action.

3. FRAUD; *Proof, How Made.* And *further held,* in such action, that H. may prove the fraud of K. and her rights, notwithstanding the deeds to K. and W., by proving the original negotiations between herself and K., whereby her deed to K. was fraudulently obtained, and may prove the final judgment rendered in her favor against K. and W. although such negotiations may involve conversations had in the absence of N., and although N. was not a party to the action in which such judgment was rendered.

*Error from Allen District Court.*

ACTION to foreclose a mortgage. Trial by the court, at the November Term, 1885, and judgment for defendant *Hottenstein.* The plaintiff *Northrup* brings the case to this court. The material facts are stated in the opinion.

*Knight & Foust,* for plaintiff in error.

*Hutchings & Keplinger,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by L. L. Northrup, on September 13, 1884, in the district court of Allen county, against Luther J. Keeney, Maria H. Keeney, The

New England Mortgage Security Co., F. W. Dunton and Mary E. Hottenstein, to foreclose a mortgage executed to the plaintiff by Luther J. Keeney and his wife Maria H. Keeney for certain real estate situated in said county. Mrs. Hottenstein filed an anwer to the plaintiff's petition, and the plaintiff demurred to the answer upon the ground that it did not state facts sufficient to constitute any defense to his action. The demurrer was overruled. The plaintiff then replied to Mrs. Hottenstein's answer by filing a general denial, and upon these pleadings the case was tried before the court without a jury; and the court made special findings of fact and conclusions of law; and upon such findings and conclusions rendered judgment in favor of Mrs. Hottenstein and against the plaintiff; and to reverse this judgment, the plaintiff, as plaintiff in error, brings the case to this court. What proceedings were had with reference to the other defendants, is not shown, nor is it material so far as the controversy between the plaintiff and Mrs. Hottenstein is concerned.

The first question meriting consideration is, whether the district court erred, or not, in overruling a motion of the plaintiff to suppress the deposition of the witness, B. O. Davidson. It appears from the record that the court convened on June 15, 1885, and that this case was set for trial on June 17, 1885. The case was not tried on that day, however, nor until July 7, 1885, but why the trial was postponed, or whether the case was again set for trial for a subsequent day, is not shown. On June 26, 1885, notice was served by Mrs. Hottenstein's counsel upon the plaintiff's counsel to take depositions in the case on June 30, 1885, at Wyandotte, Kansas. Service of this notice was acknowledged, and all objections to the official character of the officer before whom the depositions were to be taken were waived by the plaintiff's counsel. On June 30, 1885, and in pursuance of the aforesaid notice, the deposition of B. O. Davidson was taken, at Wyandotte; but neither the plaintiff nor his counsel made any appearance, and the deposition was taken in their absence. On July 1, 1885, this deposition was filed in the case in the district court; and

on July 6, 1885, the plaintiff filed a motion to suppress the same, which motion reads as follows:

"And now comes plaintiff, by Knight & Foust, attorneys, and moves the court to suppress the deposition of B. O. Davidson taken herein on the part of Mary E. Hottenstein, one of the defendants, for the following reasons, viz.: Because the notice to take depositions was served on plaintiff's counsel on the 26th day of June, 1885, the district court of Allen county then being in session, having commenced in regular June session on the 15th day of June, 1885, and having (except Sundays) been continuously since then in session; that the above stated action being on bar docket of said term and fixed for June 17, 1885, and having been continued from preceding term by the defendant Hottenstein; and plaintiff's counsel being resident members of the bar of Allen county district court, and having causes in the bar docket for trial that precluded them or either of them from attending at the time and place named in the notice to take depositions, as will be seen by the affidavit of R. H. Knight hereto attached, marked 'Exhibit A,' and made a part hereof."

This motion was overruled on the same day. On the next day, July 7, 1885, the case was called for trial, and was tried before the court without a jury, with the result aforesaid. The testimony contained in this deposition was material; and if the court below erred in refusing to suppress it, the judgment of the court below should be reversed. The substantial question is, whether a deposition may properly be taken during a term of court and while the court is in session. We think this question must be answered in the affirmative. The statute does not prohibit the taking of depositions during term-time, nor for any of the other reasons set forth in the plaintiff's motion; and in many cases it is absolutely necessary to take depositions during the term. In some counties in this state the court is in continuous session from the beginning of one term to the beginning of the next, and there is no vacation during which depositions could be taken, and in some cases the witness's health or physical condition might be such that he could not attend the sessions of the court, and unless his deposition were

1. Deposition, taken in term-time.

taken immediately and during the term his testimony might be forever lost. We can see how the privilege given to parties of taking depositions during the term of the court might be abused, but in such a case the court would have ample power to correct such abuse. Generally the court could continue the case and give the aggrieved party time to procure other testimony, or to take the further deposition of the same witness or witnesses as upon cross-examination; and in some rare cases the court might suppress the deposition. Trial courts have ample power to prevent advantages being taken by *unjustifiable* tricks; and the supreme court will sustain them in the exercise of such power. We think the motion in the present case to suppress the deposition was properly overruled. The plaintiff had ample opportunity to procure testimony to disprove what was stated in the deposition provided it was not true, or to ask for a continuance if the testimony was a surprise to him. The plaintiff himself was a witness at the trial, and he knew whether the statements contained in the deposition were true or not, and might have testified with reference to the matter if he had so chosen.

The next question to be considered, and the most important one, is, whether, under the facts of the case as shown by the pleadings, the evidence, and the findings of the court, Mrs. Hottenstein had a good defense to the plaintiff's foreclosure suit. The facts, briefly stated, are substantially as follows: On July 17, 1882, and prior thereto, Mrs. Hottenstein owned the west half of section 27, township 25, range 18, in Allen county, and on that day conveyed the same by warranty deed to Luther J. Keeney. This deed was recorded on July 21, 1882, and Keeney immediately took possession of the property under the deed. On September 13, 1882, Keeney and wife by warranty deed conveyed the northwest quarter of said section 27 to Matilda Ware. On September 18, 1882, Keeney and wife mortgaged this same quarter-section of land to L. L. Northrup. On September 26, 1882, at 9 o'clock in the morning, the deed to Matilda Ware was deposited with the register of deeds for record, and on the same day, at 3 o'clock in the after-

noon, Northrup's mortgage was deposited with the register of deeds for record. On October 10, 1882, Mrs. Hottenstein commenced an action in the district court of Allen county, against Keeney, Matilda Ware and others, for the purpose of having her deed to Keeney, and Keeney's deed to Ware, canceled, and of having it determined that she, Mrs. Hottenstein, was the owner of the land which she conveyed to Keeney. Northrup was not a party to that suit. On March 16, 1883, judgment was rendered in her favor, and the said deeds to Keeney and Ware were set aside, and Mrs. Hottenstein was declared to be the owner of the property. On September 13, 1884, this present foreclosure action was commenced by Northrup. On July 7, 1885, a trial was had before the court without a jury, as aforesaid, and on November 14, 1885, the court made special findings of fact and conclusions of law, and rendered judgment thereon in favor of Mrs. Hottenstein and against Northrup. It was settled in the former case, and is settled in this case, that the deed from Mrs. Hottenstein to Keeney was obtained fraudulently and without consideration, and that the deed from Keeney to Matilda Ware was executed without consideration, and therefore that Mrs. Hottenstein continued to be the equitable owner of the land notwithstanding said deeds. At the time when Keeney executed the deed to Matilda Ware, Northrup was not a creditor of Keeney, and it is not shown that the deed from Keeney to Ware was executed with any intention of defrauding Northrup, or of defrauding any other person, unless it was Mrs. Hottenstein. When the mortgage was executed by Keeney to Northrup, it was not the intention of the parties that the mortgage should cover the quarter-section of land which it was made in fact to cover, but it was the intention of the parties that it should cover another and a different quarter-section of land; and it was made to cover the quarter-section, which it did in fact cover, through a mistake. What quarter-section it was intended that the mortgage should cover, is not shown. At the time when Northrup's mortgage was executed he had no knowledge or notice of the existence of the deed from Keeney to Matilda Ware,

nor is it shown that Matilda Ware had at the time when her deed was filed for record any notice of Northrup's mortgage. In this state it is provided with reference to instruments in writing affecting real estate as follows:

"SEC. 21. No such instrument in writing shall be valid except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the register of deeds for record." (Comp. Laws of 1885, ch. 22, [Conveyance Act,] § 21.)

It will be seen that the foregoing statute applies both to Northrup's mortgage and to Ware's deed, and neither would be valid as against the other until one of them should be deposited with the register of deeds for record, and the one deposited first would become valid first. Ware's deed was deposited first, and therefore takes precedence over Northrup's mortgage. Upon the foregoing facts the question arises, who is entitled to recover in this action — Northrup on his mortgage, or Mrs. Hottenstein as the absolute owner of the property? We are inclined to think that Mrs. Hottenstein should recover, and therefore that the judgment of the court below is correct. When Northrup's mortgage was executed he had no intention of obtaining a mortgage upon the quarter-section of land now in dispute, and therefore was not in any manner misled by any act or omission of Mrs. Hottenstein, or Keeney, or Matilda Ware, with respect to this land. He was not misled by anything placed upon or omitted from the records of the county, or by anything which he may have found upon the records. With his intentions and expectations it was a matter of total indifference to him whether this quarter-section of land belonged to Keeney or to some one else, or whether it was incumbered or not, and it was in fact greatly incumbered. He supposed he was getting a mortgage upon another piece of land. When he obtained his mortgage, Keeney did not have any title to this land, either legal or equitable. The equitable title thereto was wholly in Mrs. Hottenstein, and the legal title thereto was in Matilda Ware. Keeney had no interest in the land to mortgage, and

*2. Facts forming sufficient defense.*

therefore could mortgage nothing in it, nor give any lien upon it; but suppose that because of the condition of the records, and under § 21 of the conveyance act, Northrup at the time of the execution of the mortgage and by his mortgage obtained some possible lien upon some possible interest in the land, still until his mortgage was recorded his lien was valid only as between himself and Keeney. The unrecorded mortgage was invalid as to all others; and before the mortgage was recorded, all Keeney's interest, all that he had at the time of the execution of the mortgage, or before, had passed from him to Matilda Ware by the recording of her deed, leaving no possible interest in Keeney for Northrup's mortgage to operate upon when it was recorded.

As before stated, there is no evidence tending to show that at the time when Ware's deed or Northrup's mortgage was executed Keeney or Ware had any intention of defrauding Northrup or anyone else, unless it was Mrs. Hottenstein. Northrup was not a creditor of Keeney at the time when th deed was executed, and it was not intended that the mortgage should cover this land; and except as to Mrs. Hottenstein, Keeney had an unquestionable right to convey this land to Ware, as a gift or otherwise. Hence Ware's deed cannot be set aside in favor of Northrup. But passing from the legal aspect of this case, and viewing it only in its equitable aspects, still Northrup must fail. His equity, if he has any, is subsequent in time to Mrs. Hottenstein's, if not subsequent in right. But really Northrup has no equity at all with regard to this particular piece of land. His equitable rights extend only to another piece of land, and the one which was intended to be mortgaged to him. His rights are to have his mortgage reformed so as to make it a mortgage upon the particular piece of land that was intended to be mortgaged to him when the mortgage was executed, and then to have his mortgage foreclosed upon that particular piece of land, and not upon the land in dispute. Keeney had the right, as against all the world, except Mrs. Hottenstein, to convey this land to Matilda Ware. A mortgagor always has the right to convey his

land subject to the mortgage. And Keeney having conveyed this land to Matilda Ware by a warranty deed, he undoubtedly had the right to object to a foreclosure of Northrup's mortgage except upon the land that was intended to be mortgaged, and so had Matilda Ware, and so had Mrs. Hottenstein; and now all these rights are by virtue of the judgment rendered in the case of Mrs. Hottenstein against Keeney, Ware and others, united in Mrs. Hottenstein, and merged in her greater and superior right. (*Utley v. Fee*, 33 Kas. 683.) The plaintiff urges strenuously the rule of law "that wherever one of two innocent persons must suffer loss on account of the wrongful acts of a third, he who has enabled the third person to occasion the loss must be the person who shall suffer." (*Jordan v. McNeil*, 25 Kas. 460, 465; *Ayres v. Probasco*, 14 id. 190; *Savings Bank v. A. T. & S. F. Rld. Co.*, 20 id. 520; *McNeil v. Jordan*, 28 id. 7.) We do not think that this rule of law can have any application to this case. Northrup cannot be considered as an innocent person in foreclosing his mortgage upon this particular piece of land, for it was never intended that this particular piece of land should be mortgaged to him, or that his mortgage should cover the same. To foreclose his mortgage upon this land would be to wrongfully take advantage of a mistake. Besides, why did Northrup delay filing his mortgage for record for eight days, leaving it invalid as against all the world except Keeney for that length of time, and until after all title had not only passed in fact from his mortgagor, Keeney, but had also passed from his mortgagor as shown by the records of the county? Are the courts bound to protect Northrup from his own negligence, and this to the injury of innocent parties? And so far as Northrup is concerned, all the parties are innocent.

If we are correct thus far, it is wholly unnecessary to discuss any of the other questions presented by counsel. We might however say, that Mrs. Hottenstein had a right to prove that the deed from Mrs. Hottenstein to 3. Fraud; proof, how made. Keeney was obtained fraudulently; and this although some of the proof might involve conversations had in

the absence of Northrup. She had a right to prove the original negotiations had between her and Keeney with reference to the land; and also had the right to prove the final judgment rendered in her favor against Keeney and Ware, although Northrup was not present during such negotiations, nor a party to the action in which such judgment was rendered. This proof shows that Mrs. Hottenstein continued to be the equitable owner of the land notwithstanding the deed to Keeney, and that since the judgment was rendered and as against Keeney and Ware she has also been the legal owner of the land. But it is unnecessary to extend this opinion further.

The judgment of the court below will be affirmed.

All the Justices concurring.